# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| ALLEN NEELY CAFFEY, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>CAPTAIN BEST, et al., )<br>)<br>  Defendants. ) | 13-CV-3296 |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, incarcerated and proceeding pro se, seeks leave to proceed in forma pauperis on claims that were severed from Plaintiff's pending case in the Southern District of Illinois.

Judge Murphy has already conducted a thorough analysis of the claims stated against the Defendants located at Pontiac Correctional Center, before severing and transferring those claims to this Court. Accordingly, this case will proceed on the claims identified by Judge Gilbert.

**IT IS THEREFORE ORDERED:**

**1)** The Court adopts the conclusions set forth in Judge Gilbert's memorandum (d/e 1) setting forth the claims that Plaintiff states against the Defendants located at Pontiac Correctional Center.  In particular, this case proceeds on the following constitutional claims:  1) Eighth Amendment claim against Pontiac Defendants Best, Berry, Eilts, and John Doe #5, for housing Plaintiff in unsanitary conditions and for refusing to provide Plaintiff with cleaning supplies, adequate clothing, or toiletries; 2) Eighth Amendment claim against Pontiac Defendants Brown, Berry, Eilts, and John Does #2 and #5 for deliberate indifference to medical needs; and, 3) retaliation claim against Pontiac Defendant Richard, for withholding and destroying, or allowing the destruction of, Plaintiff's property because of Plaintiff's protected activity at Menard.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)     This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before

filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**: 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND, 3) ENTER THE STANDARD ORDER ASSESSING AN INITIAL PARTIAL FILING FEE.

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY**

**THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTERED:    October 18, 2013

FOR THE COURT:

                                                 s/Sue E. Myerscough
                                                 SUE E. MYERSCOUGH
                                   UNITED STATES DISTRICT JUDGE